# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **WILLIE LEE KING,** | )<br>) |
| Plaintiff, | ) Case No. 7:15CV00682<br>) |
| v. | ) **OPINION**<br>) |
| **WILLIAM C. MEYER, II,** | ) By: James P. Jones<br>) United States District Judge |
| Defendant. | ) |

*Willie Lee King, Pro Se Plaintiff.*

Plaintiff Willie Lee King, a Virginia inmate proceeding pro se, has filed a second civil rights action under 42 U.S.C. § 1983, suing his criminal defense attorney for failing to appeal plaintiff's conviction.[1] King has applied for proceed in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which I will grant, to the extent that I will not require him to prepay the filing fee for this action. Upon review of his allegations, however, I find that this lawsuit must be summarily dismissed without prejudice as legally frivolous.

---

[1] Plaintiff filed this civil action in the United States District Court for the Eastern District of Virginia. Because the claims arose in Chatham, Virginia, within the jurisdiction of this court, however, the case was transferred here. I summarily dismissed as frivolous King's previous lawsuit against the same defendant. *King v. Meyer*, No. 7:15CV00481 (W.D. Va. Oct. 19, 2015).

King's submissions indicate that he was convicted in the Pittsylvania County Circuit Court of shoplifting, third offense, for which he was sentenced on June 17, 2015. He alleges that on the same day, he asked his defense attorney, William C. Meyer, II, to file a notice of appeal, but Meyer failed to do so. Recognizing his mistake, Meyer filed a Petition for a Delayed Appeal with the Court of Appeals, and the motion was granted. On September 22, 2015, the circuit court appointed new counsel to represent King in pursuing his now pending appeal. As relief in this § 1983 action, King seeks monetary damages and other punishment for Meyer's alleged deficiencies.

When the plaintiff is proceeding in forma pauperis, the court must dismiss an action or claim if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

To state a claim under § 1983, the plaintiff must state facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Criminal defense lawyers, even those appointed by a state court to represent indigent defendants, do not act under color of state law for purposes of

-2-

Case 7:15-cv-00682-JPJ-RSB   Document 9   Filed 12/30/15   Page 2 of 3   Pageid#: 37

§ 1983. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981). Because Meyer's alleged professional deficiencies occurred while he was acting as King's defense attorney, those actions were not taken under color of state law as required to provide basis for suit under § 1983. *Id.* Therefore, I will summarily dismiss this lawsuit under § 1915(e)(2)(b)(1) as legally frivolous.

A separate Final Order will be entered herewith.

DATED: December 30, 2015

/s/ James P. Jones
United States District Judge